IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO JAIMES-HERRERA, | § | |
| 39532-177 | § | |
|     Petitioner/Movant, | § | |
| | § | |
| v. | § | 3:13-CV-0221-K |
| | § | (3:09-CR-289-K-3) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, the section 2255 motion is denied.

I. BACKGROUND

Petitioner pled guilty to possession of 500 grams or more of methamphetamine with the intent to distribute and was sentenced to 120 months' imprisonment and a five-year term of supervised release. *United States v. Jaimes-Herrera*, 3:09-CR-289-K-3 (N.D. Tex. Jan 24, 2011), *appeal dismissed based on Anders v. California*, No. 11-10123 (5th Cir. Dec. 7, 2011). In the three grounds raised in this timely section 2255 motion, Petitioner asserts ineffective assistance of counsel at sentencing. (Doc. 2 at 4-7). The government argues the section 2255 motion lacks merit. (Doc. 5). Petitioner has not replied.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

The Court analyzes Petitioner's claims of ineffective assistance of counsel at sentencing under the familiar *Strickland* standard. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish prejudice, however, the petitioner must demonstrate that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

A. <u>Safety Valve Provision</u>

Petitioner asserts defense counsel rendered ineffective assistance in failing to argue that he qualified for the "safety valve" provision of USSG 5C1.2 (Doc. 2 at 4), which permits the court to impose a sentence below the mandatory minimum if the defendant did not, among other things, "possess a firearm . . . in connection with the offense." *See* 18 U.S.C. §3553(f)(2); USSG § 5C1.2(a)(2). The Presentence Report, however, recommended a two-level enhancement for possession of a firearm based on the seizure of two weapons from Petitioner's residence. *See* Case No. 3:09-CR-289-K,

Doc. 143 ¶ 60.   Thus, contrary to Petitioner's assertion, this was not a case where "if counsel had moved [under § 5C1.2] . . . the district court would have had no choice 'but' to grant the motion."   (Doc. 2 at 4).   Rather, the applicability of the "safety valve" provision was contingent on whether the firearm enhancement survived at sentencing.

Consequently, in the *Sentencing Memorandum*, defense counsel objected to the firearm enhancement and requested reduction of the sentence under the safety valve. *See* Case No. 3:09-CR-289-K, Doc. 261 at 7-8.   At sentencing, counsel renewed his objection to the firearm enhancement.   *See* Case No. 3:09-CR-289-K, Doc. 317 at 6-7.   After hearing the parties' arguments and determining the firearm enhancement applied, the Court sentenced Petitioner to the ten-year mandatory minimum sentence. *Id.* at 6-9, 25-26.

Because the Court rejected the firearm-enhancement objection at sentencing, counsel was not required to make a meritless objection under the "saftey valve" provision.   *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.").   Petitioner has failed to demonstrate that counsel's performance was deficient or that he was prejudiced.   Accordingly, Petitioner's first claim of ineffective assistance of counsel fails.

B. <u>Role in the Offense</u>

Next, Petitioner contends defense counsel failed to argue for a mitigating role

reduction under USSG 3B1.2 based on his "minimal/minor" participation in the offense. (Doc. 2 at 5). Counsel, however, argued both in writing and orally that Petitioner played a minor role in the offense under 18 U.S.C. § 3553(a). *See* Case No. 3:09-CR-289-K, Doc. 261 at 6-7; Doc. 317 at 21-22. Nevertheless, even if counsel had requested and the Court had granted a reduction under the mitigating role guideline, the Court would not have been authorized to impose a sentence below the statutory minimum sentence. *See United States v. Zamora*, 661 F.3d 200, 206 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1771 (2012) (imposition of mandatory minimum sentence rendered moot request for downward adjustment in offense level under USSG § 3B1.2). Therefore, Petitioner cannot establish that counsel's performance was deficient and that he was prejudiced. His second claim fails.

    C. <u>Fast-Track Program</u>

Lastly, Petitioner contends counsel failed to advise him "of the benefit's [sic] of the fast track program" under USSG § 5K3.1, and failed to seek a four-level reduction for "early disposition." (Doc. 2 at 7). Because no fast-track program existed for drug offenses, as the government notes, counsel was not deficient in failing to advise Petitioner of such program. (Doc. 5 at 8). In addition, even if such program existed, the language of section 5K3.1 provides that the Government, not defense counsel, would move for a downward departure. For these reasons, Petitioner's third ground fails.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED.

Signed this 11th day of December, 2013.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE